UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angel Antonio Salguero,<br><br>    Plaintiff,<br><br> v.<br><br>Goss RV, Inc.; et al.,<br><br>    Defendants. | Case No. 2:22-cv-00035-RFB-DJA<br><br>**Order** |

  Before the Court is Robert E. Marshall's motion to withdraw. (ECF No. 34). Marshall is counsel for Plaintiff. No party—including Plaintiff—has responded to the motion. (ECF No. 35). However, Defendants Goss RV, Inc. and Willard P. King have since filed a motion to dismiss. Because the motion to withdraw could result in delay given the now-pending motion to dismiss, the Court denies the motion to withdraw without prejudice.

  Under Local Rule IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Under Local Rule IA 11-6(e), "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." LR IA 11-6(e). "Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing." *Id.* In all cases, the Court may order the parties to meet and confer to discuss matters the Court deems appropriate. LR 16-1(d).

  After Marshall filed his motion to withdraw, Defendants filed a motion to dismiss. Thus, through no fault of Marshall's, his motion does not specifically address Plaintiff's scheduled response to Defendants' motion. Additionally, Plaintiff may need time to find a new attorney or learn to navigate the case *pro se* and lives where his mail may not reach him right away. (ECF

No. 34 at 3) (explaining that Plaintiff lives in an unincorporated area of Dolan Springs, Arizona where mail is not delivered to him, but that he uses a Las Vegas address for mailing purposes). The Court thus denies Marshall's motion without prejudice and orders the parties to meet and confer on a schedule for Plaintiff to retain new counsel or inform the Court that he will be proceeding *pro se* and a schedule for Plaintiff to respond to Defendants' motion to dismiss.

**IT IS THEREFORE ORDERED** that Marshall's motion to withdraw (ECF No. 34) is **denied without prejudice.** To the extent Marshall wishes to file a corrected motion, he must do so on or before **August 30, 2022**.

**IT IS FURTHER ORDERED** that the parties are directed to meet and confer about the amount of time Plaintiff should have to retain new counsel or inform the Court that he will be proceeding *pro se* and the amount of time Plaintiff will have to respond to Defendants' motion. Marshall is directed to include a declaration outlining the parties' meet-and-confer efforts, along with details about the time, place, manner, participants, and the outcome of the meet and confer in any corrected motion to withdraw. *See* LR IA 1-3(f)(2).

DATED: August 17, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE